UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANN M. LEHEY,

        **Plaintiff,**

    v.                                          03-CV-1087

JOHN E. POTTER, Postmaster General,
United States Postal Service,

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I. INTRODUCTION**

    Plaintiff commenced the instant action claiming disparate treatment on account of her age and gender and further alleging that she was the victim of quid pro quo and hostile work environment sexual harassment. See Compl. [dkt. # 1]. The Complaint arises out of Plaintiff's employment with the Oneonta branch of the United States Postal Service. Succinctly stated, Plaintiff claimed that she was denied a promotion for an auxiliary route in favor of a younger male, that she was sexually harassed by her co-workers and a supervisor, Bernard Sitts, and that she was retaliated against for complaining of harassment. On Defendant's motion for summary judgment, the Court dismissed all of Plaintiff's claims except for her hostile work environment claim. The hostile work environment claim was presented to a jury at trial in May of 2006. The trial resulted in

1

a mistrial because the jury could not agree on a verdict. See dkt. entry # 55. In September of 2006, the Court denied Defendant's motion for a directed verdict. See 9/22/06 Order [dkt. # 74].

The hostile work environment claim was presented to a jury at trial for a second time in January of 2007. After hearing all of the evidence and the Court's charge on the law, the jury returned a verdict for Defendant finding that Plaintiff had not established her claim. See dkt. entry # 88. Presently before the Court is Plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59.

**II. STANDARD OF REVIEW**

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998)(quotation marks and citation omitted). "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." Id.

"Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner. A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is egregious." Id. (internal citations and quotations omitted). Therefore, "a court should rarely disturb a jury's evaluation of a witness's credibility." Id. (internal citations and quotations omitted).

### III.  DISCUSSION

Plaintiff's present motion is, essentially, a re-argument of the issues presented to the jury. Plaintiff does not cite to any error committed at trial except the fact that the jury found for the Defendant rather than the Plaintiff.  Having presided over the matter, and having considered the evidence presented and the law charged to the jury, the Court finds no reason to grant the present motion.  While Plaintiff argues that she established a gender-based hostile work environment, the Court agrees with the Government's assessment of the evidence upon which the jury might have relied in reaching its conclusion:

> Contrary to Plaintiff's current claim, the jury was presented evidence that Plaintiff's reported complaints were in fact investigated and dealt with, and that all complaints reported by Plaintiff to her supervisors were acted upon by management and did not recur. Similarly, the jury had sufficient evidence before it to conclude that her suspension from the Oneonta Post Office was a result of her own acts of insubordination and was not gender based.  Finally, the jury had sufficient evidence from both government witnesses and Plaintiff's own witnesses, to conclude that Plaintiff was not subjected to a hostile work environment.

Govt. Mem. L. p. 2.

In the Court's opinion, the jury has not reached a seriously erroneous result and the verdict is not a miscarriage of justice.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for a new trial [dkt. # 97] is **DENIED.**

**IT IS SO ORDERED**

DATED:  August 7, 2007

Thomas J. McAvoy
Senior, U.S. District Judge